IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00130-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. REY GONZALEZ,

    Defendant.

_____

# ORDER
_____

This matter is before the Court on defendant Rey Gonzalez's Motion for Compassionate Release [Docket No. 58].  On November 1, 2018, Mr. Gonzalez pled guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Docket No. 14; Docket No. 35.  On January 24, 2019, Senior District Judge Wiley Y. Daniel sentenced Mr. Gonzalez to 120 months imprisonment.  Docket No. 53.  Mr. Gonzalez is currently incarcerated at FCI Oakdale I ("FCI Oakdale") in Oakdale, Louisiana.  Docket No. 58 at 2.

On April 16, 2020, Mr. Gonzalez filed this motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *Id*. at 1.  Mr. Gonzalez requests that he be released from prison to home confinement, probation, or supervised release due to health concerns related to the coronavirus (COVID-19) pandemic.  *Id.* at 3-5.

Specifically, Mr. Gonzalez states that he is at an increased risk of complications from COVID-19 due to a pre-existing heart condition, his long history of smoking, and his obesity. *Id.* at 3-4. Mr. Gonzalez represents that FCI Oakdale "is BOP's hardest-hit facility in the pandemic." *Id.* at 3.

Section 3582(c)(1)(A) permits a district court to "reduce [a] term of imprisonment" in certain circumstances[1] "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Counsel for Mr. Gonzalez "requested that the warden release Mr. Gonzalez on April 14, 2020."[2] Docket No. 58 at 5. The motion

---

[1] Under 18 U.S.C. § 3582(c)(1)(A), the Court may order release if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[2] Mr. Gonzalez has not attached any documentation of his request to the warden. It is therefore unknown whether the request complied with the filing requirements to initiate a First Step Act request for relief under 28 C.F.R. § 571.61(a):

  A request for a motion under . . . § 3582(c)(1)(A) . . . shall be in writing[] and submitted by the inmate. . . . The inmate's request shall at a minimum contain the following information:

2

does not indicate that the warden has responded.  *See id.*  Thus, Mr. Gonzalez has failed to demonstrate that he has "exhausted all administrative rights" or that 30 days have elapsed from the warden receiving Mr. Gonzalez's request for a sentence reduction, as the statute requires.  Accordingly, the Court does not have jurisdiction to consider Mr. Gonzalez's request for compassionate release.  *See United States v. Keith*, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019) (finding that, where § 3582(c)(1)(A)'s exhaustion requirement is not satisfied, the court is "without jurisdiction to entertain [defendant's] request for compassionate release"); *see also United States v. Feiling*, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (finding that the court is without authority to grant a sentence modification under § 3582(c)(1)(A) absent exhaustion of administrative remedies).

Mr. Gonzalez sets forth several arguments why the exhaustion requirement should not apply.  First, he asserts that, "according to the BOP, '[i]nmates do not need to apply to be considered for home confinement.'"  Docket No. 58 at 5 (quoting Federal Bureau of Prisons, *Update on COVID-19 and Home Confinement*, https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp).  Mr. Gonzalez argues that, if no application is necessary to be placed in home confinement, then he should not have to exhaust his administrative remedies under § 3582(c)(1)(A).

---

(1) The extraordinary or compelling circumstances that the inmate believes warrant consideration.

(2) Proposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment.

Docket No. 58 at 5.  However, Mr. Gonzalez has not demonstrated that the statement on the BOP's website refers to the First Step Act.  The BOP website indicates that "[c]ase management staff are urgently reviewing all inmates to determine which ones meet the criteria established by the Attorney General [for home confinement]."  *See* Federal Bureau of Prisons, *Update on COVID-19 and Home Confinement*, https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp.  On March 26, 2020, the Attorney General issued a memorandum instructing BOP officials to "prioritize the use of [the Director's] various statutory authorities to grant home confinement for inmates," considering "the totality of circumstances for each individual inmate, the statutory requirements for home confinement" and various discretionary factors.  *See* Memorandum for the Director of Bureau of Prisons from the Attorney General, March 26, 2020, at 1-2.[3]  However, this memorandum does not invoke the First Step Act or alter its exhaustion requirements.  A motion under the First Step Act is distinct from the BOP's efforts of its own accord to grant discretionary home confinement, and the BOP's independent efforts to initiate transfer to home confinement does not eliminate Mr. Gonzalez's requirement to exhaust his administrative remedies under the First Step Act.

---

[3] Title 18 U.S.C. § 3624(c)(2) permits the Director of the Bureau of Prisons (the "Director") to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  The CARES Act, enacted on March 27, 2020, allows the Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under that statute.  Pub. L. 116-136, § 12003(b)(2).  These procedures are separate from the Court's jurisdiction to order a sentence reduction pursuant to § 3582(c)(1)(A).

In the alternative, Mr. Gonzalez argues that the Court may waive the First Step Act's exhaustion requirement. He argues that "the [Tenth] Circuit has waived exhaustion requirements of various statues involving prisoners where administrative remedies are not 'available.'" Docket No. 58 at 5. In support, he cites *Greer v. Dowling*, 947 F.3d 1297 (10th Cir. 2020), and *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010). *Id.* at 5-6. The Court is not persuaded by Mr. Gonzalez's argument. In *Greer* and *Little*, administrative remedies were deemed "unavailable" when prison officials had prevented inmates from fully exhausting their administrative remedies. *See Greer*, 947 F.3d at 1303 (noting that, while the inmate had failed to complete the administrative process, "prison authorities had prevented Mr. Greer from taking further administrative steps"); *see also Little*, 607 F.3d at 1250 ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). In contrast, while Mr. Gonzalez makes a vague statement that the "authorities at FCI Oakdale I are completely overwhelmed by COVID-19," *see* Docket No. 58 at 6, he does not allege that officials at FCI Oakdale have hindered his ability to seek administrative relief. Thus, these cases do not demonstrate that the First Step Act's exhaustion requirements may be waived here.[4] *See United States v. Raia*, _ F.3d __, 2020 WL

---

[4] Mr. Gonzalez also cites *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010), for the proposition that exhaustion is not required when filing a 28 U.S.C. § 2241 habeas petition if exhaustion would be "futile." Docket No. 58 at 6. This case is inapplicable here. Title 28 U.S.C. § 2241 is separate from the First Step Act and permits an inmate to challenge his custody on the basis that it is in violation of the United States Constitution or federal law. "A compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48,

1647922, at *2 (3d Cir. Apr. 2, 2020) (describing the failure to comply with the exhaustion requirement as a "glaring roadblock foreclosing compassionate release").

In addition, Mr. Gonzalez cites a recent district court case waiving the First Step Act's exhaustion requirement on the basis that, "given [the inmate's] unique circumstances and the exigency of a rapidly advancing pandemic," the exhaustion of the administrative process would be "both futile and inadequate." *United States v. Perez*, 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020); *see also* Docket No. 58 at 6. But the Supreme Court has made clear that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). "[T]he judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic." *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (citing cases).

Finally, Mr. Gonzalez requests that, if the Court does not find his exhaustion arguments persuasive, it should delay ruling on his motion until the 30-day exhaustion period has passed or until May 14, 2020. Docket No. 58 at 7. Given that the Court has determined that it lacks jurisdiction to rule on Mr. Gonzalez's motion, the Court must deny Mr. Gonzalez's motion without prejudice to Mr. Gonzalez's ability to refile a motion for compassionate release should he exhaust his administrative remedies.

While the Court is not unsympathetic to Mr. Gonzalez's situation, the Court may not take action where it lacks statutory authorization to do so. The Court concludes

---

50 (5th Cir. 2009) (unpublished).

that Mr. Gonzalez has failed to demonstrate a basis for the Court to exercise jurisdiction over his request for a sentence reduction. It is therefore

**ORDERED** that defendant Rey Gonzalez's Motion for Compassionate Release [Docket No. 58] is denied without prejudice.

DATED April 17, 2020.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge